# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BELINDA CHAVEZ-MATCHIE,

    Plaintiff,

v.

JACK COOPER TRANSPORT CO., et al.,

    Defendants.

Case No. 16-2832-JAR-GEB

## MEMORANDUM AND ORDER

This action arises out of a motor vehicle collision between Plaintiff Belinda Chavez-Matchie and Defendant David L. Vickers, who was operating a tractor-trailer in the course and scope of his employment with Defendant Jack Cooper Transport Company at the time of the accident. Before the Court are Defendants' Motions to Dismiss and/or to Strike Allegations in Plaintiff's Complaint (Docs. 3, 7). The motions are fully briefed and the Court is prepared to rule. As explained more fully below, the Court grants in part and denies in part Defendants' motions to dismiss.

## I.    Factual Background

The following facts are alleged in the Complaint and assumed to be true for purposes of deciding this motion. On May 31, 2016, Plaintiff was traveling westbound in her motor vehicle on Highway 54 in Butler County, Kansas. She was driving in the passing lane of the highway parallel to a tractor-trailer driven by Vickers, when Vickers made an abrupt lane change into her lane, striking her vehicle. At the time of the accident, Vickers was acting within the course and scope of his employment with Jack Cooper Transport. Vickers did not see Plaintiff's vehicle when he changed lanes, and believed he was driving on Highway 77 rather than Highway 54. As

a result of the accident, Plaintiff suffered substantial neck and spinal injuries, pain and suffering, and economic losses.

Plaintiff's Complaint does not specifically label the claims alleged against Defendants.[1] But the substance of the Complaint does assert claims of negligence against Vickers and Jack Cooper Transport. Plaintiff raises claims against Jack Cooper Transport under the doctrine of respondeat superior, and based on theories of negligent hiring, retention, qualification, and supervision. In support of these claims, Plaintiff points to the Federal Motor Carrier Safety Regulations ("FMCSRs") as a source of industry standards. She attaches as Exhibit B the Company Snapshot for Jack Cooper Transport, obtained on the Federal Motor Carrier Safety Administration's ("FMCSA") website. According to Plaintiff, this exhibit demonstrates "that Jack Cooper Transport has a systemic problem which is a habit, custom and routine practice of allowing hours-of-service violations; a habit, custom and a routine practice of unsafe driving violations; as well as a custom, habit and a routine business practice of failing to appropriately maintain its fleet of commercial motor vehicles for safety."[2] Included in her prayer for relief is a request for attorney fees under K.S.A. § 66-176.

## II.  Motion to Dismiss

### A.  Standard

Defendants move to dismiss several claims alleged in the Complaint under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level,"

---

[1] Plaintiff is correct that she is not required to separately label her claims for relief in order to comply with Fed. R. Civ. P. 8. *See Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014); *Zokari v. Gates*, 561 F.3d 1076, 1084 (10th Cir. 2009). However, she must allege sufficient facts and information to place Defendants on notice of the claims against them. *Johnson*, 135 S. Ct. at 347. It is clear from the briefs that Plaintiff's failure to clearly assert her claims created confusion: two of the stated grounds for dismissal are moot upon clarification by Plaintiff in the response brief that she is not asserting them.

[2] Doc. 1 ¶ 37.

and must contain "enough facts to state a claim to relief that is plausible on its face."[3] To state a claim for relief, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[5] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[6] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10] "A claim has facial plausibility when the plaintiff pleads factual content

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *Id.*

[9] *Id.* at 679

[10] *Id.*

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

**B.     Discussion**

Because Plaintiff's Complaint does not separately label her claims for relief in this case, Defendants initially moved to dismiss several claims that Plaintiff now clarifies are not alleged: negligence per se, and claims under the Federal Motor Carrier Safety Regulations and the Federal Motor Carrier Act ("MCA"). Plaintiff clarifies in the response brief that her references in the Complaint to the MCA and FMCSRs are to establish the minimum standard of care for her general negligence claims against these Defendants. Therefore, to the extent Defendants move to dismiss claims of negligence per se, or federal claims under the MCA or FMCSRs, the motion is moot. Defendants' remaining arguments for dismissal are: (1) Plaintiff fails to allege sufficient facts to support claims against Jack Cooper Transport for negligent hiring, supervision, or retention; (2) Plaintiff cannot recover attorneys' fees under K.S.A. § 66-176; and (3) Plaintiff's common law negligence claims cannot be based on allegations that Jack Cooper Transport is an unsafe motor carrier that fails to follow governing federal safety regulations.

**1.     Negligent Hiring, Retention, Qualification, Supervision, and Training**

Under Kansas law, Plaintiff may be able to proceed against Jack Cooper Transport under theories of negligent hiring, retention, or supervision. Negligent hiring and retention requires that the employer, "by virtue of knowledge of the employee's particular quality or propensity, have reason to believe that an undue risk of harm exists to others as a result of continued employment of that employee; and the harm which results must be within the risk created by the

---

[11]*Id.* at 678.

4

known propensity."[12] A claim of negligent supervision, "includes not only the failure to supervise but also the failure to control persons with whom the defendant has a special relationship, including the defendant's employees or persons with dangerous propensities."[13] Liability under these theories is distinct from imputed liability under the doctrine of respondeat superior; it is based on the separate duty by the employer to use reasonable care in selecting, retaining, and supervising its employees.[14]

First, Defendants argue that there is no cause of action under Kansas law for negligent "qualification." Plaintiff does not respond to this argument or provide this Court with authority that such a claim is cognizable under Kansas law. Therefore, the Court dismisses Plaintiff's claim of negligent qualification against Jack Cooper Transport.

Next, Defendants argue that Plaintiff has failed to allege facts to support the elements of a negligent hiring, retention, or supervision claim. Some of the facts alleged in the Complaint in support of these claims are: (1) Jack Cooper Transport hired, supervised, and trained Vickers; (2) Jack Cooper Transport failed to properly train and supervise "drivers like Vickers" as a cost cutting measure; (3) Jack Cooper Transport consciously failed to comply with certain federal safety regulations in training and supervising its drivers; (4) Jack Cooper Transport failed to immediately terminate, reprimand, or retrain Vickers after the accident; (5) Jack Cooper Transport negligently hired, retained, supervised and trained its drivers' managers; (6) Jack Cooper Transport failed to use reasonable care in hiring, retaining, supervising, and training its drivers and knew or reasonably should have known that they had hired unsafe and incompetent employees and agents; and (7) Defendants' failure to use reasonable care in hiring, retaining,

---

[12]*Wayman v. Accor N. Am., Inc.*, 251 P.3d 640, 650 (Kan. Ct. App. 2011).
[13]*Id.* at 650 (quoting *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1223 (Kan. 1998)).
[14]*Marquis*, 961 P.2d at 1224–25.

supervising, and training its drivers was the proximate cause of Plaintiff's injuries. These factual allegations give rise to plausible claims of relief. Defendant Jack Cooper Transport's motion to dismiss these claims is denied.

### 2. Attorneys' Fees under K.S.A. § 66-176

In her prayer for relief, Plaintiff seeks attorneys' fees under K.S.A. § 66-176. That provision states:

> Any public utility or common carrier which violates any of the provisions of law for the regulation of public utilities or common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court. If an appeal is taken from the judgment or any part thereof, it shall be the duty of the appellate court to include in the judgment additional reasonable attorney fees for services in the appellate court or courts.

Defendant seeks dismissal of this claim for fees because Plaintiff does not allege that Defendants violated any provisions of law for the regulation of public utilities or common carriers. The Court agrees. The plain language of the statute requires a violation of the laws regulating public utilities or common carriers.[15] Plaintiff does not allege a violation of Chapter 66, and Plaintiff concedes that she cannot bring a private cause of action under the MCA or the FMCSRs.[16] Thus, there is no basis for awarding her attorneys' fees under this provision. Defendants' motions to dismiss Plaintiff's request for attorneys' fees is granted.

### 3. Federal Motor Carrier Safety Regulations

Plaintiff's common law negligence claims are predicated on alleged violations of the FMCSRs. Plaintiff argues that the regulations provide the governing standard of care in this case. Defendants argue that negligence cannot be predicated on such violations.

---

[15] K.S.A. § 66-176; *see also Drake v. Old Dominion Freight Line, Inc.*, No. 15-1307-EFM, 2016 WL 1328941, at *4–5 (D. Kan. Apr. 5, 2016).

[16] *Drake*, 2016 WL 1328941, at *4–5.

The authority provided by Plaintiff on this point is from other jurisdictions, and suggests that safety regulations, while not establishing the legal standard of care, may be admissible as evidence of the appropriate standard of care in a negligence case.[17] This is consistent with Kansas law. The Kansas Supreme Court has explained that government safety standards may constitute relevant evidence in a negligence action, depending on the circumstances of the case.[18] Where a safety regulation provides a minimum standard of care, it is admissible.[19]

Given this authority, Defendants' basis for dismissal of the negligence claim in this case is unclear. While it is true that the FMCSRs do not define their legal duty in this case, it is also true that the regulations may be relevant and admissible. In evaluating the Complaint on a Rule 12(b)(6) motion, the Court accepts as true the facts as pled and finds that Plaintiff has alleged sufficient facts to plausibly demonstrate that the duty of care was breached in this case. The Court need not determine at this time the extent to which the FMSCRs are relevant and admissible in this particular case.

## III. Motion to Strike

As an alternative to dismissal, Defendants move to strike the allegations in paragraphs 25, 30–36, 38 of the Complaint, and Exhibit B—the company profile for Jack Cooper Transport from the FMCSA website, and the paragraphs relating to Jack Cooper Transport's alleged violations of the FMSCRs. Under Rule 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." As described above, while the

---

[17]*See, e.g.*, *Pierce v. Platte-Clay Elec. Co-op*, 769 S.W.3d 769, 772 (Mo. 1969) (en banc) ("Were we to permit industry standards to establish the legal standard of care, we would also permit industry to dictate the terms under which its members could be held liable for negligence."); *Union Supply Co. v. Pust*, 583 P.2d 276, 286 (Colo. 1978) (en banc) (finding safety standards relevant and affirming trial court's ruling "that that these standards must be introduced through an expert and must be authenticated as reliable and bona fide industry-wide safety codes.").

[18]*Simon v. Simon*, 924 P.2d 1255, 1261 (Kan. 1996) (relying on 57A Am. Jur. 2d Negligence §§ 186, 188, 189).

[19]*Pullen v. West*, 92 P.3d 584, 600 (Kan. 2004).

FMSCRs may not define the legal duty in this case, the Court cannot say at this juncture that they are immaterial to determining the appropriate standard of care. Therefore, the Court finds no basis for striking paragraphs 25, 30–36 or 38 from the Complaint

Exhibit B is governed by slightly different considerations. Under Fed. R. Civ. P. 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." In *Nkemakolam v. St. John's Military School*,[20] Judge Lungstrum considered a motion to strike an x-ray and a photograph attached to a Complaint on the basis that they were scandalous and immaterial. The court rejected the argument that the materials were scandalous, but found that they should be stricken as immaterial because they violated Rule 10. Judge Lungstrum explained that "courts that have considered this issue have concluded that the Rules thus do not contemplate the attachment of exhibits, such as photographs, that are not written instruments."[21] The types of exhibits that qualify as "written instruments" "consist largely of documentary evidence, specifically contracts, notes, and other writings on which a party's action or defense is based."[22] The court determined that the x-ray and photograph were not "written instruments," as contemplated by Rule 10.[23] Instead, they were "clearly intended as evidence to support specific factual allegations by plaintiffs."

Likewise here, the Court cannot conclude that Exhibit B is a written instrument upon which Plaintiff's negligence action is based.[24] Although the company profile may be evidence upon which certain factual allegations in the Complaint are based, it is not within the category of

---

[20] 876 F. Supp. 2d 1240, 1246 (D. Kan. 2012).

[21] *Id.* at 1247.

[22] *Id.* (quoting *Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989)).

[23] *Id.*

[24] *See id.*; *Copeland v. Aerisyn, LLC*, No. 1:10-CV-78, 2011 WL 2181497, at *1–2 (E.D. Tenn. June 3, 2011) (striking exhibits and explaining that "Plaintiffs are free to provide additional factual details of claims but do not need to include extraneous evidentiary support at the pleading stage.").

documents contemplated by Rule 10 as appropriately incorporated into pleadings. Accordingly, the Court grants Defendants' motion to strike Exhibit B from the Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Dismiss and/or to Strike Allegations in Plaintiff's Complaint (Docs. 3, 7) are **granted in part and denied in part**. The motions to dismiss are granted as to Plaintiff's request for attorneys' fees, and as to Defendant Jack Cooper Transport's motion to dismiss Plaintiff's claim for negligent qualification. The motions to dismiss are otherwise denied. The motions to strike are granted as to Exhibit B to the Complaint; they are otherwise denied.

**IT IS SO ORDERED.**

Dated: June 1, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE